UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. PASTOR,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>LOUIS A. MARTINEZ, Warden,<br><br>　　　　　　　　　Respondent. | Case No.:  21cv1810 BTM (JLB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND ISSUING ORDER TO SHOW CAUSE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a 2018 San Diego County Superior Court conviction for second degree murder, gross vehicular manslaughter while intoxicated, driving under the influence of alcohol causing injury, driving with a measurable blood alcohol concentration causing injury and related allegations in case number SCN351650, for which Petitioner was sentenced to 15 years to life. (ECF No. 1.) Petitioner has also filed a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons discussed below, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **ISSUES** an Order to Show Cause requiring action to avoid dismissal of his case.

### MOTION TO PROCEED IN FORMA PAUPERIS

　　　　Petitioner has filed a motion to proceed in forma pauperis. (ECF No. 2.) The statement of recent account activity accompanying the request to proceed in forma pauperis

reflects a $1,834.66 balance in Petitioner's inmate trust account as of October 11, 2021. (ECF No. 2 at 6.) The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a). Because it appears Petitioner can pay the requisite filing fee, the Court **DENIES** Petitioner's request to proceed in forma pauperis [ECF No. 2]. To avoid dismissal, Petitioner must submit a copy of this Order along with either the $5.00 filing fee or submit adequate proof of his inability to do so, on or before **January 4, 2022**.

### **FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS IN PETITION**

In addition, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); see also Picard v. Connor, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) [s]he demonstrates that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. See Picard, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); see also Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the

United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

In the instant Petition, Petitioner indicates Ground One has been raised in the California Supreme Court but fails to indicate whether Ground Two, which alleges ineffective assistance of counsel, has been raised in the California Supreme Court.  (See ECF No. 1 at 6-7.)  Petitioner further indicates he currently has a habeas corpus petition pending in the San Diego Superior Court in which he raises a claim of ineffective assistance of counsel.  (See id. at 3, 8.)

It appears Petitioner has filed a "mixed" petition, that is, a petition which presents both exhausted and unexhausted claims.  In Rose v. Lundy, 455 U.S. 509 (1982), the United States Supreme Court held that a mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal.  Id. at 514-20.  Having preliminarily determined the Petition contains both an exhausted and an unexhausted claim, the Court notifies Petitioner of his options should he avoid dismissal for failure to satisfy the filing fee requirement by either paying the filing fee or qualifying to proceed in forma pauperis.

**i) First Option:  Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted all of the claims in the Petition.  If Petitioner chooses this option, these papers are due no later than **January 4, 2022**.  Respondent may file a reply by **February 3, 2022**.

**ii) Second Option:  Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with

this Court no later than **January 4, 2022**.  Respondent may file a reply by **February 3, 2022**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1]  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

governing filings."); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option:  Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted one. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **January 4, 2022**. Respondent may file a reply by **February 3, 2022**.

Petitioner is cautioned that once he abandons his unexhausted claim he may lose the ability to ever raise it in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[2]

///
///

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. King v. Ryan, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). King, 564 F.3d at 1141, quoting Mayle v. Felix, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **January 4, 2022**. Respondent may file a reply by **February 3, 2022.**

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis [ECF No. 2] and **ISSUES** an Order to Show Cause requiring action. To avoid dismissal of this habeas case, Petitioner must, no later than **January 4, 2022**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) choose one of the options outlined above. Petitioner is cautioned that if he fails to respond

to this Order, the Petition will be dismissed without prejudice. See Rose, 455 U.S. at 522. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: _November 4, 2021____

*/s/ Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge